**In re Mark A. LITTELL and Marsha Littell, Debtors.**

**Mark A. LITTELL and Marsha Littell, Plaintiffs,**

**v.**

**J.E. STEVENSON, Jr., Stevenson Investment Company and G. Cullen Dixon, Defendants.**

**Bankruptcy No. 84–01963(2).**
**Adv. No. 85–0171(2).**

United States Bankruptcy Court, E.D. Missouri, E.D.

Oct. 14, 1987.

Grace M. Nichols, St. Charles, Mo., for plaintiffs.

John P. Lichtenegger, Paul Roger Ellis, Jackson, Mo., for defendants.

John L. Oliver, Jr., Cape Girardeau, Mo., for third party defendants.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### INTRODUCTION

On June 7, 1985, Plaintiffs, Chapter 11 debtors herein, filed their Complaint against Defendants, J.E. Stevenson, Jr. ("Stevenson"), Stevenson Investment Company ("Stevenson Investment") and G. Cullen Dixon ("Dixon") to recover sums allegedly due on a promissory note. On June 29, 1985, Defendants filed their Answer pleading *release* as their affirmative defense and on March 16, 1987, they moved for summary judgment. On April 10, 1987, Plaintiffs filed their Affidavit and Memorandum in opposition to Defendants' Motion For Summary Judgment. For the reasons set forth below, the Court this date grants Defendants' Motion For Summary Judgment.[1]

### FACTS

The parties do not dispute that on May 15, 1980, Stevenson and Dixon executed a promissory note payable to Plaintiffs in the principal sum of $149,500.00 with interest thereon at the rate of twelve percent (12%) per annum; that this note was secured by a deed of trust on 314 acres of farmland in New Madrid County, Missouri; that at all relevant times Alan Littell ("Alan") was possessed of Plaintiffs' power of attorney; that on December 23, 1983, Alan and Defendants, among others, executed an agreement wherein Defendants were released from and for "any liabilities, claims, demands, damages, costs, expenses on account or in any way resulting from ownership and liabilities and obligations incurred in said ownership of the 314 acre farm ..."; that Alan had a Chapter 11 bankruptcy case pending in the Southern District of Texas, Houston Division, Case No. 85–01361–H3–5; and that in Alan's case Plaintiffs filed a dischargeability complaint against him, Complaint No. 85–0589–H2 wherein they alleged that Alan acted as their agent and in so doing released De-

---

1. Since the filing of the Complaint and Answer, the Court has authorized Defendants and they filed on September 24, 1986 a Third Party Complaint against David Crader and Dwight Crader. Plaintiffs also have requested the Court to allow them to join the Third Party Defendants as defendants in the principal case. Third Party Defendants have moved to dismiss the complaint against them and have objected to their being joined as additional defendants to Plain-

tiffs' Complaint. Since the Third Party Complaint does not survive dismissal of Plaintiffs' Complaint against Defendants and since Plaintiffs' counsel has advised the Court of Plaintiffs' intent in that event to withdraw their motion to join Third Party Defendants as defendants in the principal case, the Court's Order also will dismiss the Defendants' Third Party Complaint and deny Plaintiffs' joinder motion.

fendants from their obligation on the promissory note.

Based on the foregoing facts, Defendants infer that Plaintiffs have admitted releasing them from their obligation under the promissory note and they conclude, therefore, that they are entitled to judgment as a matter of law. Plaintiffs, on the other hand, suggest that the dischargeability complaint against Alan be treated as nothing more than an instance of alternative pleading as is permitted by Rule 8(a) of the Federal Rules of Civil Procedure. Alternatively, they suggest that their former pleading contains only a legal conclusion, not an admission of fact or if it does contain such an admission, it is not conclusive on the issue of release.

■ The Court rejects Plaintiffs' arguments. In the case of *Ross v. Phillip Morris and Co.*, 328 F.2d 3, 14–15 (8th Cir.1964), the court stated that

"any statement made by a party to an action which is against his own interest and which in its nature tends to establish or disprove any material fact in the case is competent to be put in evidence against him in the trial of the action.... Under this principle, an admission in a pleading in one action may be received in evidence against the pleader on the trial of another action to which he is a party, in favor of a party to the latter action, provided the admission is relevant and material to the issues being litigated." (Citations omitted).

Applying the above principle to this case, the Court concludes that Plaintiffs' pleading in their dischargeability complaint against Alan does constitute competent evidence that Alan signed the agreement as Plaintiffs' agent and, thus, did release Defendants from their obligation on the promissory note.

■ Although Plaintiffs dispute the conclusiveness of this evidence, the evidence is probative and sufficient to grant summary judgment, *unless* Plaintiffs can show that there is a genuine issue on the question. In their Affidavit, Plaintiffs assert that

"There is a very short period of time allowed for the filing of Complaints in

Dischargeability and the time allotted did not allow for a thorough investigation of the facts or a judicial determination of the legal conclusions prior to filing the Complaint.... Subsequent depositions and other factual investigation have resulted in our belief that the Defendants were not released by any action of Alan A. Littell."

A conclusory allegation in an affidavit, however, cannot create an issue of fact where there is none, *City of Warrensburg v. RCA Corp.*, 550 F.Supp. 1364, 1388 (W.D.Mo.1982) (affidavit in opposition to defendant's motion for summary judgment did not comply with requirements of rule where it did no more than attempt to support counsel's conclusory view of the factual circumstances which plaintiffs apparently hoped to establish at trial), and Plaintiffs' allegation about Alan's action is nothing more than that. The Court, therefore, finding there to be no genuine issue of fact regarding Alan's agency, concludes that Defendants were released from their obligation to Plaintiffs on the promissory note and that, therefore, Defendants are entitled to judgment as a matter of law.

An Order consistent with this Opinion will be entered this date.